UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PHILLIP BARRY AND MONICA BERRY,

    Plaintiffs,

                              CASE NO. 08-CV-13760

-vs-

OCWEN LOAN SERVICES, LLC, ET AL.,    PAUL D. BORMAN
                                                              UNITED STATES DISTRICT JUDGE

    Defendants.
_____/

## ORDER DISMISSING PLAINTIFF'S COMPLAINT

On September 2, 2008, Plaintiff Phillip Barry and Monica Berry ("Plaintiffs") filed a *pro se* Complaint against Defendants Ocwen Loan Services, LLC, HSBC Bank USA, N.A., the 28th District Court, Potestivo & Associates, P.C., and Wayne County Sheriff Warren C. Evans (collectively "Defendants"). Plaintiffs have been granted permission to proceed without payment of the filing fee.

I.     **BACKGROUND**

Plaintiffs have brought forth a cause of action against Defendants for Breach of Contract, Improper and Invalid Foreclosure and Violation of Due Process. (Compl. 1).

From what can be gleaned from the Complaint, Plaintiffs owned property located at 11350 Willow, Southgate, Michigan, 48195 ("the Property"). (Compl. 5). The Property went into foreclosure and was subject to a foreclosure action in the 28th District Court. Plaintiffs appear to aver that there were defects in the foreclosure proceeding (case no. 08-1224-LT) and claim that several acts of fraud were perpetrated on the Court throughout the proceedings. In support of their argument, Plaintiffs cite various sections of the Michigan Compiled Laws and the Federal Rules of Evidence.

Plaintiffs move this Court to render summary judgment or dismissal for Defendants' failure to state a claim upon which relief can be granted. (Compl. 1). In addition, Plaintiffs (1) seek a dismissal with prejudice of the 28th District Court's order for possession of the Property; (2) ask the Court to award damages and impose sanctions on Defendants to the extent allowed under the law; and (3) request that Attorney Amy E. Muzall, attorney with Postevio & Associates, P.C. be charged with perjury for filing a false complaint. (Compl. 6).

Under the heading "JURISDICTION," the Complaint states:

1. Plaintiffs are Citizens of the State of Michigan
2. Defendants are corporations operating as citizens in the State of Michigan
3. The amount in controversy exceeds $75,000
4. The incident occurred in Wayne County in the State of Michigan

(Compl. 2).

Because there was a question as to whether this Court enjoyed proper subject matter jurisdiction over Plaintiffs' claims, the Court issued an Order to Show Cause that this Court does have proper subject matter jurisdiction over the action. (Doc. No. 4). In Plaintiffs' Response to Order to Show Cause (Doc. No. 5), Plaintiff appeared to allege that the Court enjoyed both federal question and diversity subject matter jurisdiction.

### III. ANALYSIS

Pursuant to Fed. R. Civ. P. 12(h)(3), if the Court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

Plaintiffs appear to contend that subject matter jurisdiction is premised upon both federal question and subject matter jurisdiction. First, with respect to federal question subject matter jurisdiction, Plaintiffs simply state that "whenever a case involves a violation of the Constitution, laws and treaties of the United States[,] the federal [c]ourts are deemed to have jurisdiction."

Second, with respect to diversity jurisdiction, Plaintiffs averred that the value of property in question exceeds $75,000 and that they are residents of Michigan, but they fail to allege that Defendants are residents of any state but Michigan. Plaintiffs also allege that this Court enjoys diversity jurisdiction because Ocwen Loan Servicing, LLC and HSBC Bank, N.A. are considered national banks under 28 U.S.C. § 1348,[1] which grants district courts original jurisdiction over civil actions involving national banks in specifically enumerated circumstances.

The Court, however, does not need to make a determination as to whether it enjoys subject matter jurisdiction because this case is barred by the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine is based upon the principle that a federal district court does not have appellate jurisdiction to review a state court judgment, as that power is reserved to the Supreme Court under 28 U.S.C. § 1257. *See Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280 (2005). In *Exxon Mobil* the Supreme Court explained:

> The *Rooker-Feldman* doctrine, we hold today, is confined to cases of the kind from which the doctrine acquired its name: cases brought by state court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review of those judgment.

---

[1] Section 1348 provides:

> The district courts shall have original jurisdiction of any civil action commenced by the United States, or by direction of any officer thereof, against any national banking association, any civil action to wind up the affairs of any such association, and any action by a banking association established in the district for which the court is held, under chapter 2 of Title 12 [12 USCS §§ 21 et seq.], to enjoin the Comptroller of the Currency, or any receiver acting under his direction, as provided by such chapter.
>
> All national banking associations shall, for the purposes of all other actions by or against them, be deemed citizens of the States in which they are respectively located.

28 U.S.C. § 1348 (2008).

*Id*. at 284. This principle holds true even in regard to allegations that "the state court's action was unconstitutional." *Feldman*, 460 U.S. at 486; *see also Blanton v. United States*, 94 F.3d 227, 233-34 (6th Cir. 1996).

Here, Plaintiff is requesting that this Court invalidate the state court's foreclosure judgment. Therefore, the *Rooker-Feldman* doctrine is directly applicable. In addition, the other issues that Plaintiffs raise in their Complaint are so inextricably intertwined with the state court proceedings that a determination regarding those issues would invariably call into question the validity of the state court's judgment. Therefore, the Court finds that this action is jurisdictionally barred under the *Rooker-Feldman* doctrine.

It is important to note, however, that the Court's finding does not leave Plaintiffs without a remedy. They may, of course, seek relief from the Michigan state courts.

## IV. CONCLUSION

For these reasons, the Court **DISMISSES** Plaintiff's claims against Defendants.

**SO ORDERED.**

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: October 21, 2008

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on

October 21, 2008.

                                        s/Denise Goodine
                                        Case Manager